# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN E. BAKER, JR.,
                Appellant,

       v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DE-0432-21-0028-I-1

DATE: January 30, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cynthia K. Singletary, Haltom City, Texas, for the appellant.

Derrick Storm, Rockville, Maryland, for the appellant.

Ryan Holguin, Esquire, Suitland, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance under 5 U.S.C. chapter 43. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply (1) the current standards to the agency's unacceptable performance charge, and (2) the Board's recent case law to the appellant's affirmative defense of status-based disability discrimination, we AFFIRM the initial decision, which is now the Board's final decision.

**BACKGROUND**

The appellant was a GS-03 Field Representative for the agency's Census Bureau. Initial Appeal File (IAF), Tab 7 at 21. The appellant's major duties included administering surveys by conducting interviews and recording the responses. *Id.* at 190-91. His performance standards included five critical elements with varying weights, and his performance in each element was rated on a 5-tier scale, with level 1 denoting unacceptable performance. *Id.* at 109. Under the agency's performance appraisal system, a rating of level 1 in any element

would result in a rating of level 1 overall. *Id.* The appellant's performance cycle ran from October 1 through September 30 of each year. *Id.* at 111.

The performance element at issue in this appeal is "Interviewing, Listing, and Sampling." To achieve a minimally successful level 2 rating in this element, the appellant needed to, among other things, achieve a "cumulative response rate score" of at least 1.5. *Id.* at 117, 173. To calculate the response rate score, the agency employs a mathematical formula that accounts for a variety of factors, but the primary component of the calculation is the number of interviews assigned versus the number of interviews actually conducted. *Id.* at 75-81. Generally speaking, the higher that percentage, the higher the response rate score will be. *Id.*

On May 14, 2019, the agency notified the appellant that his average cumulative response rate score from October 2018 through March 2019 was 1.05, and that his performance in the critical element of Interviewing, Listing, and Sampling was therefore at an unacceptable level midway through the performance year. *Id.* at 73-85. The agency informed the appellant that it would place him on a 90-day performance improvement plan (PIP), from June 1 through August 31, 2019, to give him an opportunity to demonstrate acceptable performance. *Id.* The agency warned the appellant that failure to improve his weighted average cumulative response rate during the PIP period to at least a 1.5 could result in administrative action, up to and including removal. *Id.* at 83.

After the close of the PIP, on September 26, 2019, the agency sent the appellant a letter informing him that his weighted average cumulative response rate during the PIP was 1.08, and that he had therefore failed to demonstrate acceptable performance in the critical element of Interviewing, Listing, and Sampling. *Id.* at 45-46. The agency followed up on May 28, 2020, with a proposal to remove the appellant for unacceptable performance under the provisions of 5 U.S.C. chapter 43. *Id.* at 34-42. The agency sent this notice to

the appellant's address of record.[2]  *Id*. at 34, 43-44.  The appellant did not respond to the proposal, and on September 24, 2020, the agency issued a decision sustaining the charge and removing the appellant effective October 2, 2020.  *Id.* at 21-30.

The appellant filed a Board appeal, contesting the merits of the agency's action and raising affirmative defenses of violation of due process, harmful procedural error, and disability discrimination.  IAF, Tab 1 at 4, Tab 24 at 4. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal.  IAF, Tab 30, Initial Decision (ID).  She found that the agency met its burden of proof on each of the elements of its case and that the appellant failed to prove his affirmative defenses.  ID at 6-26.

The appellant has filed a petition for review, disputing the administrative judge's analysis of his due process and harmful error claims.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

**ANALYSIS**

The agency proved its case by substantial evidence.

Before removing an employee for unacceptable performance under 5 U.S.C. chapter 43, an agency must satisfy certain procedural requirements.  *See* 5 C.F.R. §§ 432.104, 432.105.  Consequently, the agency's case-in-chief consists of numerous elements, each of which it must prove by substantial evidence.  *See* 5 C.F.R. § 1201.56(b)(1)(i).  The Board's case law has not been particularly consistent in describing these elements of proof, and the Board has rendered various formulations of them over the years.  *Compare, e.g.*, *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013), *with Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 6 (2008), *and Belcher v. Department of*

---

[2] It appears to be undisputed that, as a Field Representative, the appellant did not have an office but rather worked out of his home or in the field, and therefore all communications between him and the agency took place electronically, by telephone, or by mail.  IAF, Tab 7 at 16, 186-87.

*the Air Force*, 82 M.S.P.R. 230, ¶ 4 (1999)*, and Kadlec v. Department of the Army*, 49 M.S.P.R. 534, 539 (1991). The administrative judge in this case used yet another formulation of the agency's burden as set forth in *Muff v. Department of Commerce*, 117 M.S.P.R. 291, ¶ 5 (2012), which provides that the agency must prove by substantial evidence that: (1) the agency had performance standards that were approved by the Office of Personnel Management (OPM); (2) the appellant's performance failed to meet the established performance standards in one or more critical elements of his position; (3) the agency established performance standards and critical elements and communicated them to the appellant at the beginning of the performance appraisal period; (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to improve; and (5) after an adequate opportunity to improve, the appellant's performance remained unacceptable in at least one critical element. ID at 5. The administrative judge addressed each of these issues in turn. The appellant has not contested the administrative judge's findings in this regard, and the Board will normally consider only issues raised in a timely filed petition or cross-petition for review. 5 C.F.R. § 1201.115. Nevertheless, in light of the questionable formulation of the *Muff* standard and certain developments in the case law after the initial decision was issued, we find it appropriate to clarify the analysis of the agency's case-in-chief.

Specifically, after the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit issued a precedential decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), holding that part of the agency's burden of proof under chapter 43 is to show by substantial evidence that the appellant's performance leading up to the PIP was unacceptable. Following *Santos* and the Board's most recent chapter 43 case law, the Board issued an Opinion and Order in *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15, setting forth the agency's burden of proof

as follows: To defend an action under chapter 43, the agency must prove by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

Regarding the first element, we observe that a "performance appraisal system" is not the same thing as "performance standards," and that the *Muff* formulation is therefore misleading to the extent that it suggests that the "performance standards" themselves must be approved by OPM. *See Whitney v. Department of the Treasury*, 28 M.S.P.R. 330, 333-34 (1985); 5 C.F.R. § 430.203. Under 5 C.F.R. §§ 430.209(a), 430.210, it is the overall appraisal system, not the particular performance standards, which require OPM approval. *Whitney*, 28 M.S.P.R. at 333. Nevertheless, the administrative judge found it undisputed that the agency's performance appraisal system had been approved by OPM. ID at 6. This finding is supported by the record, and the appellant has not challenged it on review. IAF, Tab 7 at 197, Tab 24 at 5. Therefore, despite her use of the *Muff* formulation, the administrative judge's findings were directed to the proper object, and we find that the agency proved the first element of its case by substantial evidence.

Regarding the second element, relying on the documentary evidence and the appellant's testimony at the hearing, the administrative judge found that the agency communicated the appellant's performance standards to him both on November 25, 2018, when he signed his fiscal year 2019 performance plan, and

on May 24, 2019, when he received the PIP notice. ID at 7. Therefore, despite *Muff's* omission of this element of proof, the administrative judge made an explicit finding on the issue, and we agree with her that the agency proved this element of its case by substantial evidence. IAF, Tab 7 at 73-106, 111-34, 173.

Regarding the third element, although the *Muff* formulation omits the requirement that the agency prove that its performance standards were valid, the administrative judge analyzed the issue at length and made explicit findings on it. ID at 6-8, 20. She found that the performance standard for the Interviewing, Listing, and Sampling critical element was based on mathematically objective criteria, was clearly expressed, and was realistic, reasonable, and attainable. ID at 7-8, 20; *see Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 21 (2013) (stating that valid performance standards must be reasonable, realistic, and attainable, clearly stated in writing, and to the maximum extent feasible, permit the accurate appraisal of performance based on objective criteria). For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved this element of its case by substantial evidence. ID at 7-8, 20.

Regarding the fourth element, although the initial decision in this case preceded the Federal Circuit's decision in *Santos*, the administrative judge explicitly found that the appellant's performance during the 2018-2019 appraisal period, from October 1, 2018, through February 28, 2019, was unacceptable in the critical element of Interviewing, Listing, and Sampling. ID at 6. This finding is supported by the record and appears to be undisputed. IAF, Tab 7 at 135, Tab 9 at 26, 28, Tab 24 at 5. We therefore agree with the administrative judge that the agency has proven by substantial evidence that the appellant demonstrated unacceptable performance in the months leading up to the PIP. Because the administrative judge addressed this element of the agency's burden to prove the charge, and because the parties do not dispute her finding on review, we discern no need to remand the appeal for consideration of this element. *See*

*Lee*, 2022 MSPB 11, ¶ 16 (remanding an appeal of a chapter 43 removal for further consideration because the parties did not have the opportunity to address the modified legal standard set forth in *Santos*); 5 C.F.R. § 1201.115 (stating that the Board normally will consider only those issues raised by the parties on review).

Regarding the fifth element of the agency's case, this element is adequately described in the *Muff* standard, and the administrative judge thoroughly addressed the issue in her initial decision, with reasoned and explained findings that are supported by the record. ID at 9-11. For the reasons explained in the initial decision, we agree with the administrative judge that the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance. *Id.*

Regarding the sixth element, we find that this element is also adequately described in the *Muff* standard, and that the administrative judge properly addressed the issue in her initial decision, finding that the appellant's performance in Interviewing, Listing, and Sampling remained at level 1 throughout the PIP. ID at 11-12. The administrative judge's finding is supported by the record, and for the reasons explained in the initial decision, we agree that the agency proved by substantial evidence that, after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Id.*; IAF, Tab 7 at 45-46, 67-68, Tab 9 at 8, 16.

<u>The appellant did not prove that the agency violated his right to due process.</u>

Due process entails, at a minimum, prior notice and an opportunity to respond. An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Clark v. U.S. Postal Service*, 85 M.S.P.R. 162, ¶ 1 (2000).

In this case, the administrative judge found, and the agency does not dispute, that the appellant did not actually receive the proposal notice until after the agency issued its removal decision. ID at 14. Nevertheless, the administrative judge found that the agency satisfied due process requirements by making reasonable and diligent efforts under the circumstances to deliver the proposal notice to the appellant. ID at 14-17. Because the appellant used his parents' address as his address of record with the agency and routinely received agency correspondence there, the administrative judge found that the agency acted diligently by sending the notice, with tracking and delivery confirmation, to that address via private courier. *Id.* Although the appellant's father testified that he never received the notice of proposed removal, in light of contrary evidence in the record, the administrative judge declined to credit this testimony. ID at 16.

On petition for review, the appellant disputes the administrative judge's analysis, emphasizing that he did not have any opportunity to respond to the proposal notice because he never received it and disputing the administrative judge's finding that the proposal was delivered to his parents' address. PFR File, Tab 1 at 5-9. In particular, he argues that the administrative judge erred in her credibility determination because she required his father to testify by telephone rather than by videoconference like the rest of the witnesses. *Id.* at 9.

Even if an employee does not actually receive advance notice of a proposed adverse action, the Board will nevertheless find that due process guarantees have been satisfied if he has constructively received such notice. *Anderson v. Department of Transportation*, 735 F.2d 537, 541 (Fed. Cir. 1984); *Pangarova v. Department of the Army*, 42 M.S.P.R. 319, 325 (1989). Under Board precedent, an individual may be deemed to have constructively received a document when that document was received by a relative of suitable age and discretion at the individual's address of record. *White v. Department of Justice*, 103 M.S.P.R. 312, ¶¶ 3, 9 (2006), *aff'd*, 230 Fed. App'x 976 (Fed. Cir. 2007); *Crearer v. Department of Justice*, 84 M.S.P.R. 434, 436 (1999); *Cunningham v. Department*

*of Transportation*, 35 M.S.P.R. 674, 676-77 (1987); *Anderson v. Department of Transportation*, 15 M.S.P.R. 157, 171-72 (1983), *aff'd*, 735 F.2d 537 (Fed. Cir. 1984); 5 C.F.R. § 1201.22(b)(3). It is undisputed that the appellant listed his parents' home address as his address of record with the agency. Therefore, the question is whether the appellant's father actually received the notice.

In her initial decision, the administrative judge considered testimony from the appellant's father that he had not received the notice of proposed removal. However, she did not credit this testimony because the appellant's father also stated that he had never signed for any work-related packages for the appellant, which statement the administrative judge found to be inaccurate because it was contradicted by other evidence. ID at 16; *see Skellham v. U.S. Postal Service*, 90 M.S.P.R. 361, ¶ 13 (2001) (stating that an individual's untrue statement regarding one matter may call into question his credibility regarding other matters as well). As for whether the administrative judge erred by having this witness testify by telephone, although it is well settled that an administrative judge may not order such manner of testimony over the appellant's objection, *see Robertson v. Department of Transportation*, 113 M.S.P.R. 16, ¶ 10 (2009), in this case there does not appear to have been any objection noted for the record,[3] *see Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 551 (1996). An appellant cannot wait until after the adjudication is complete to object for the first time to the administrative judge's hearing-related rulings. *Jones v. Department of Health and Human Services*, 52 M.S.P.R. 669, 671 (1992). The record in this case contains

---

[3] The appellant does not allege that he raised an objection below, and after reviewing the pertinent portions of the hearing recording, we were unable to find any such objection. The prehearing conference summary indicates that all witnesses were expected to testify by videoconference. IAF, Tab 24 at 1-3. It is not clear when the decision was made to have the appellant's father testify by telephone instead, but it seems likely that this occurred during an off-the-record discussion on the day of the hearing. Even if he expressed misgivings off the record at that time, the appellant, who was represented by an attorney, does not appear to have preserved an objection for the record.

documentary evidence of FedEx tracking and delivery confirmation, which we find to be persuasive, and for the reasons explained in the initial decision, we agree with the administrative judge that this evidence is not outweighed by the contrary testimony of the appellant's father. ID at 16; IAF, Tab 7 at 34, 43-44. We also agree with the administrative judge that the agency had no reason to suspect that the appellant had not actually received the notice of proposed removal. ID at 15. For these reasons, we agree with the administrative judge that the appellant constructively received the notice of proposed removal on June 1, 2020, when it was delivered to his address of record and received by his father. The due process requirements of notice and an opportunity to respond were therefore satisfied.

The appellant did not prove that the agency committed harmful procedural error.

On petition for review, the appellant appears to raise several claims of harmful procedural error. To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). In other words, he must prove that any procedural errors by the agency prejudiced his substantive rights by possibly affecting the agency's decision; harmful error cannot be presumed. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991).

In this case, the appellant alleges that the agency violated 5 U.S.C. § 4303(b)(1) by failing to afford him actual notice and an opportunity to respond. PFR File, Tab 1 at 5, 7-8. However, the administrative judge already addressed this argument below and found that the appellant failed to show that any error in this regard was harmful because he did not identify any information that he might have offered in response to the notice of proposed removal that would likely have affected the outcome of the proceedings. ID at 19-20. We agree with the administrative judge's analysis, and we find that the appellant's bare invocation of this statutory provision on review constitutes mere disagreement with the

administrative judge's reasoned and explained findings. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

The appellant next argues that the deciding official helped to draft and otherwise prepare the proposal, and that the agency therefore violated 5 U.S.C. § 4303(b)(1)(D)(ii), which generally requires that the deciding official in a chapter 43 adverse action be in a higher position than the proposing official. PFR File, Tab 1 at 7. However, it does not appear that the appellant raised this argument below, and the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In any event, we are not persuaded that the agency committed procedural error in this regard because, regardless of any assistance rendered by the deciding official, the record shows that the proposing and deciding officials were in fact different individuals, and that the deciding official was of a higher rank than the proposing official. IAF, Tab 7 at 30, 41. Moreover, the appellant has not explained how he believes that he was harmed by this alleged procedural error. *See Towne*, 120 M.S.P.R. 239, ¶ 37.

The appellant further argues that the agency violated 5 U.S.C. § 4303(b)(2)(C)(i) because it failed to render its decision within 30 days of the expiration of the notice period. PFR File, Tab 1 at 7. However, this argument also appears to be raised for the first time on review without a showing that it is based on previously unavailable evidence. *See Clay* 123 M.S.P.R. 245, ¶ 6. Nor has the appellant explained how his substantive rights were harmed by the agency's failure to issue its decision within the statutory time period. *See Epstein v. Department of Health and Human Services*, 6 M.S.P.R. 235, 237-38 (1981).

<u>The appellant did not prove his affirmative defense of disability discrimination.</u>

The appellant argued below that the agency discriminated against him based on his disabilities. IAF, Tab 18 at 3, 8, 10. In her initial decision, the

administrative judge found that, although the appellant's claimed conditions constituted disabilities within the meaning of 29 C.F.R. § 1630.2(g)(1)(i), the appellant failed to prove either status-based disability discrimination or disability discrimination based on failure to accommodate. ID at 21-27. The appellant does not contest these findings on petition for review, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to prove his claim of disability discrimination under a reasonable accommodation theory. ID at 22-24. However, in light of recent case law, we find it appropriate to address briefly the administrative judge's analysis of the appellant's status-based discrimination claim.

Specifically, in adjudicating this affirmative defense, the administrative judge applied the framework set forth in *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 18-32 (2013), and found that the appellant bears the burden of proving that his disability was a motivating factor in the contested action. ID at 25-26. After the initial decision was issued, the Board overruled *Southerland* in part in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 47. Nevertheless, despite the change in the case law, the requirement that the appellant first prove that his disability was a motivating factor remains the same, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not make such a showing.[4] ID at 26-27.

---

[4] Because the appellant here failed to prove his initial burden that a prohibited factor played any part in his removal, the question of whether disability discrimination was a but-for cause of that removal is not dispositive in this appeal. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.